UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 20-15-DLB

STEPHEN COMETA                                                           PETITIONER

v.                   **MEMORANDUM OPINION AND ORDER**

WARDEN, FCI ASHLAND                                   RESPONDENT

*** *** *** ***

Petitioner Stephen Cometa, a federal inmate currently confined at the Federal Correctional Institution ("FCI") Ashland, located in Ashland, Kentucky, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. #1) He has not paid the $5.00 filing fee, nor has he filed a motion to proceed *in forma pauperis*. Regardless of this deficiency, the Court will conduct the initial screening required by 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his Petition, Cometa alleges that his confinement at FCI Ashland violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*, and the Eighth Amendment of the United States Constitution because he is physically handicapped and cannot safely climb or descend the stairs that are the only means of accessing the medical department; he has mental illnesses; he is a care level II inmate; and he suffers from

1

multiple chronic conditions, including diabetes, diabetic neuropathic pain, bone spurs, pain in both hips, vision loss, hearing loss, hypertension, migraine headaches, P.T.S.D., and bi-polar Type I. (Doc. # 1 at 1–2). He also alleges that he has been transported over 25 times in the 3 years since his arrest. *Id*. at 2. Finally, he states that, when he was sentenced in the United States District Court for the Middle District of Florida, the sentencing judge recommended that his sentence be served at the Springfield, Missouri Federal Medical Center so that Cometa could receive necessary psychological and medical care. *Id*. at 3. Cometa claims that, due to his multiple transfers, he has not received the consistent level of care or rehab mandated. *Id*. As relief, he seeks to be transferred to the Springfield Federal Medical Center. *Id*.

However, Cometa's Petition must be denied because it appears plainly from his Petition that he is not entitled to habeas relief. Cometa is correct that, in the Judgment entered in his criminal case, the sentencing court made the following recommendations to the Bureau of Prisons ("BOP"): "[d]esignation at MCFP in Springfield, Missouri," and "Defendant to receive complete medical and psychological evaluations by the [BOP] while incarcerated." *United States v. Cometa*, No. 5:16-cr-044-JDW-PRL-1 (M.D. Fla.) at Doc. #154, Judgment. However, Cometa misunderstands the significance of the recommendations made by the sentencing court. "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544, 550 subpart F (2010)). As explained by the United States Supreme Court, "[a] sentencing court can *recommend* that the BOP place

2

an offender in a particular facility or program. But decisionmaking authority rests with the BOP." *Id*. (citing 18 U.S.C. § 3582(a)).

Indeed, at Cometa's sentencing hearing, United States District Court Judge James D. Whittemore specifically explained to Cometa that, while he could make a recommendation regarding the prison facility to which Cometa would be designated to serve his sentence, he did not have the authority to require that Cometa be designated to any particular facility. *United States v. Cometa*, No. 5:16-cr-044-JDW-PRL-1 (M.D. Fla.) at Doc. #193, Sentencing Hearing Transcript at 48–49, 66. Judge Whittemore explained this again to Cometa in an Order denying Cometa's motion requesting transfer to a mental health facility, informing Cometa that:

> [c]ontrol of the federal correctional facilities is vested in the Attorney General, which includes the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. §§ 3621(b), 4001(b). The designation of a prisoner to a place of confinement is entirely within the discretion of prison authorities. *See e.g. Garza v. Miller*, 688 F.2d 480 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983); *Holland v. Ciccone*, 386 F.2d 825 (8th Cir. 1968). Accordingly, this court lacks jurisdiction to designate a prison facility or direct his transfer.

*United States v. Cometa*, No. 5:16-cr-044-JDW-PRL-1 (M.D. Fla.) at Doc. #168, Order.

For all of these reasons, Cometa is not entitled to relief to the extent that his claim for relief in his § 2241 Petition is based upon the recommendations made by Judge Whittemore in Cometa's criminal Judgment.

To the extent that Cometa's Petition raises allegations that the conditions of his confinement at FCI Ashland violate the Eighth Amendment and the ADA, the Court will not address the merits of these claims because they are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or

determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Upon review, Cometa's claims are best characterized as concerns regarding the conditions of his confinement. A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Cometa wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

For all of these reasons, the Court will deny Cometa's § 2241 Petition without prejudice to Cometa's right to assert his claims related to the conditions of his confinement in a civil rights proceeding.

Accordingly, it is hereby **ORDERED** as follows:

(1) Cometa's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED WITHOUT PREJUDICE** to Cometa's right to reassert his conditions of confinement claims in a civil rights complaint if he so chooses to file one;

(2) The Court will enter a judgment contemporaneously with this order; and

(3) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 27th day of February, 2020.

Signed By:
David L. Bunning  DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\20-15 Dismissing 2241.docx